# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JENNIFER LYNN FALTINOWSKI,

    Plaintiff,

v.                                               Case No.  3:20-cv-5819-MCR-MJF

KILOLO KIJAKAZI,[1]

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before this court is the Plaintiff's "Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act." (Doc. 18). In this petition, Plaintiff's counsel seeks an award of attorney fees in the amount of $815.10 and recovery of the $400.00 filing fee. Plaintiff certified that Defendant has no objection to the payment of the fees. (*Id.* at ¶ 6). For the reasons set forth below, the undersigned respectfully recommends that this unopposed motion be granted.[2]

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Andrew Saul as the Defendant in this case.

[2] This case has been referred to the undersigned pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D), and 72.3 of the Local Rules for the U.S. District Court of the Northern District of Florida, which relate to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401 *et. seq.*

## I. Background

On September 14, 2020, Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner of Social Security denying her claims for Social Security benefits. (Doc. 1). Upon Defendant's uncontested motion, the undersigned recommended that this case be reversed and remanded to the Commissioner for further proceedings. (Doc. 14, 15). United States District Judge M. Casey Rodgers accepted the undersigned's report and recommendation, and this case was remanded to the Commissioner for further proceedings. (Doc. 16). Plaintiff's counsel states that Plaintiff was the prevailing party in this litigation and petitions the court for an award of attorney fees of $815.10 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 18).

## II. Discussion

### A. **Eligibility for Award of Fees**

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and certain costs against the government, provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust.

The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In this case, there is no disagreement as to Plaintiff's net worth or her status as a "prevailing party." A plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g)—as Plaintiff did (*see* Docs. 22 & 23 (Judgment, entered March 15, 2021))—is considered the prevailing party and as such is entitled to attorney fees and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

The parties also do not contest the timeliness of the instant motion for EAJA fees.[3] Additionally, the parties do not dispute—and the undersigned finds—that the Commissioner's position was not substantially justified (*see* Doc. 16). Finally, the undersigned concludes that no special circumstances make an award unjust, especially considering that the Commissioner does not object to the payment of the requested EAJA fees in this case. Accordingly, an award of fees is appropriate.

---

[3] As the Commissioner has sixty days within which to file an appeal of the district court's decision, a judgment typically becomes final after sixty days—or, in this case, on August 9, 2021—and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also Shalala*, 509 U.S. at 297-98 (discussing timeliness of EAJA application); *Myers v. Sullivan*, 916 F.2d 659, 667-72 (11th Cir. 1990) (same); *Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 854-55 (11th Cir. Jan. 22, 2019) (same). Plaintiff filed the motion on August 19, 2021, and the Commissioner has no objection to the payment of the fees.

B.   **Amount of Fees**

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, Plaintiff's attorney seeks an award based on an hourly rate of $209.00 for work performed. (Doc. 18 at 3). The undersigned has reviewed Plaintiff's attorney's time record, the consent motion and agreement to $815.10 as attorney fees, and the record. The undersigned concludes that the rate requested is reasonable based upon changes in the Consumer Price Index (CPI). *See Pons v. Berryhill*, 5:17-cv-187-EMT (N.D. Fla. Feb. 7, 2019) (finding that an attorney's hourly rate of $202.89, for work performed on a Social Security case in 2018, was reasonable); *see, e.g.*, *Bianco v. Comm'r of Soc. Sec.*, No. 3:19-CV-733-J-PDB, 2020 WL 7695609, at *3 (M.D. Fla. Dec. 28, 2020) (finding that an attorney's hourly rate of $205.63 was reasonable for work performed in a social security case in 2019).

The undersigned also concludes that the number of hours expended by Petitioner on Plaintiff's behalf (*i.e.*, 3.9 hours) is reasonable. These hours represent, *inter alia*, the time Petitioner communicated with his client regarding case status, prepared the complaint, reviewed the 715-page administrative record, negotiated

with opposing counsel about consenting to remand the case, and drafting the EAJA motion. (Doc. 24 at 4-5). Based upon the motion and a review of the record, the undersigned concludes that the requested fee is reasonable. Plaintiff also seeks to recover the $400.00 for the filing fee, which are recoverable under the EAJA. *East v. Barnhart*, 377 F. Supp. 2d 1170, 1177 (M.D. Ala. 2005).

**C.    The Award is Payable to Plaintiff**

An award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *see also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) (same). Because the EAJA award is "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. *Ratliff*, 560 U.S. at 596. The award in this case, therefore, is properly payable to Plaintiff, as the "prevailing litigant," assuming an award remains after any qualifying debts have been satisfied.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Petition for Attorney Fees under the Equal Access to Justice Act (Doc. 18) be **GRANTED** as follows:

1.    Plaintiff shall recover costs in the amount of $400, and attorney fees of $815.10 for time expended by her counsel in representing her before the United

States District Court for the Northern District of Florida. The fee award is subject to an offset to satisfy any qualifying debt that Plaintiff owes to the United States.

2.   If Plaintiff receives all or any portion of the EAJA fee award, Defendant shall mail it to Plaintiff in care of her attorney, Erik W. Berger, 3744 Dupont Station Court South, Jacksonville, Florida 32217.

**SO ORDERED** this 20th day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**